UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVORIA AUSBORNE, on behalf of minor L.A.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:25-cv-00044-SCR<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") on behalf of her child under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will DENY Plaintiff's motion for summary judgment (ECF No. 12) and GRANT the Commissioner's cross-motion for summary judgment (ECF No. 16).

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Social Security Administration ("SSA") initially found L.A., a minor, to be disabled and awarded L.A. Title XVI disability benefits due to low birth weight. Administrative Record

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); *Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler*, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

("AR")[2] at 103; 157. In 2016, the SSA determined L.A. continued to be disabled based on Listing 102.02 due to a retinal disorder, blindness, and/or low vision. AR 125; 157. On September 9, 2020, the SSA determined that L.A., who was then 13 years old, was no longer disabled as of September 1, 2020. AR 128; 157. That determination was upheld on reconsideration and a request was made for hearing before an Administrative Law Judge ("ALJ").

Lavoria Ausborne ("Ausborne") appeared at the September 5, 2023 hearing before the ALJ without her daughter, L.A., who was at that time 16 years old. AR 49. The ALJ explained that the SSA often tries to have the child present, but that it was not required. Ausborne elected to proceed without her daughter. AR 50. Ausborne appeared without counsel. The ALJ offered to continue the hearing for Ausborne to obtain representation, but she declined. AR 54.

Ausborne testified that her daughter was now a sophomore and attending high school. AR 61. She was taking some special education classes, and although Ausborne doesn't know her grades, she stated they were below average, but passing. AR 61. Her daughter is wearing glasses "all the time" and still has some difficulties. AR 64. However, she can read, including sheet music, with her glasses on. AR 64. She likes to draw and paint in her free time. AR 67.

After the hearing, the ALJ obtained additional school and medical records (AR 585 to 719) and medical expert opinion via interrogatory (AR 736-743). The interrogatory was issued to Dr. Grettel Donahue, M.D., M.P.H. Dr. Donahue is a pediatrician with over 20 years of experience. AR 730-32. The ALJ upheld the determination that L.A.'s disability ended as of September 1, 2020, and that L.A. had not become disabled again since that date.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive[.]'" *Andrews v.*

---

[2] The Administrative Record can be found at ECF No. 9-2. When referencing the AR, page references are to the number in the lower right corner of the page, not the CM/ECF generated header. References to briefs are to the page number generated on the CM/ECF header.

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## III. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a; *Department of HHS v. Chater*, 163 F.3d 1129, 1133 (9th Cir.1998) ("The Social Security Act directs the Commissioner of the Social Security Administration to provide benefits to all individuals who meet the eligibility criteria"). An individual under the age of 18, such as plaintiff's child here, is "disabled" if they meet two criteria, set forth at 42 U.S.C. § 1382c(a)(3)(C)(i):

> First, he must have an impairment that results in marked and severe functional limitations. He satisfies this criterion if his impairment matches one of those described in the Listing [Listing of Impairments, 20 CFR Pt. 404, Subpart. P, App. 1]. Second, the impairment must have lasted or can be expected to last for a continuous period of at least 12 months.

*Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir.2000); *see also*, 20 CFR § 416.906 ("Basic definition of disability for children"). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir.1995) (citing *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir.1992)), cert. denied, 517 U.S. 1122 (1996); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir.1996).

An ALJ follows a three-step sequential evaluation process when considering the disability application of a minor claimant. 20 C.F.R. § 416.924(a); *see, e.g.*, *Rose v. Colvin*, 2013 WL 5476513, at *2 (E.D. Cal. 2013) (applying the three-step sequential evaluation process in a child disability case); *Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1150 (C.D. Cal. 2008) (same); *Smith ex rel. Enge v. Massanari*, 139 F.Supp.2d 1128, 1132 (C.D. Cal. 2001) (same). The Commissioner developed this evaluation process after the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. No. 104–193, § 211, 110 Stat. 2105 (1996), altered the statutory definition of childhood disability and the standard for determining whether a child is eligible for disability benefits. *See Howard ex rel. Wolff*, 341 F.3d at 1013 (citing legislative history indicating that the change in the law was designed so that only needy children with severe disabilities will be eligible for SSI); *Jamerson v. Chater*, 112 F.3d 1064, 1065, 1067–68 (9th Cir.1997) (recognizing the more stringent standard for finding a child disabled imposed by the 1996 legislation).

The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.924(a).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id.*, § 416.924(a), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, the claimant is not disabled.

*Id.*, § 416.924(a), (d).

Step Three encompasses two analytical steps. First, it must be determined whether the claimant's impairment meets or medically equals a Listing. Second, the impairment must also satisfy all of the criteria of the Listing. 20 C.F.R. § 416.925(d). The mere diagnosis of an impairment in the Listing is insufficient, without more, to sustain a finding of disability. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990); *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). If the claimant does not meet or medically equal a Listing, he or she may still be considered disabled if an impairment results in limitations that "functionally equal the listings." 20 C.F.R. § 416.926a(a).

In determining whether the severe impairment functionally equals the listings, the ALJ must assess the claimant's functioning in six "domains." The "domains" are broad areas of functioning that are "intended to capture all of what a child can and cannot do." *Id.*, § 416.924a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To "functionally equal" the listings, the impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.*, § 416.926a(a), (d). In making this assessment, the ALJ looks at "how appropriately, effectively, and independently" the claimant preforms his or her activities "compared to the performance of other children [the claimant's] age who do not have impairments." *Id.*, § 416.926a(b).

A minor has a "marked" limitation in a domain if his impairment "interferes seriously" with his or her "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The regulations also provide that "marked" limitations means a limitation that is "more than moderate" but "less than extreme." *Id*. A minor has an "extreme" limitation in a domain if his impairment "interferes very seriously" with his or her "ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). The regulations also provide that an "extreme" limitation also means a limitation that is "more than marked." *Id*. However, "extreme" limitation does not mean a "total lack or loss of ability to function." *Id*.

Because L.A. was previously found to be disabled, the inquiry is whether L.A.'s disability continues or had ended, which considers whether there has been medical improvement. The Commissioner employs a three-step evaluation process to determine whether a child's disability continues or has ended. 20 C.F.R. 416.994a(b); Social Security Ruling ("SSR") 05-03p, 2005 WL 6491605, at *1; *B.B. v. Berryhill*, No. 17-cv-02529-SHK, 2019 WL 4138013 (C.D. Cal. May 31, 2019). The Commissioner is required to review a disabled child's continued eligibility for benefits at least once every three years. *See* 42 U.S.C. § 1382c(a)(3)(H)(ii)(I); *Nancy B. o/b/o C.A.C. v. Saul*, No. 19-cv-3235-FVS, 2020 WL 7680563 (E.D. Wa. Nov. 13, 2020).

At the first step, the Commissioner determines whether there has been medical improvement since the most recent favorable decision, which is the comparison point decision ("CPD"). *See B.B.* 2019 WL 4138013 at *2. If there has been no medical improvement, then the disability continues unless certain exceptions apply. *See id*. At step two, the ALJ considers whether the CPD impairments still meet or medically equal the severity of the listed impairments. *See Nancy B*., 2020 WL 7680563 at * 2, citing 20 C.F.R. § 416.994a(b)(2); SSR 05-03p. If the impairments still meet the listing, then the disability continues; if not, the analysis proceeds to step three. *Id.* At step three, the Commissioner determines whether the child is currently disabled, considering all current impairments under the childhood disability standard discussed above. 20 C.F.R. § 416.994a(b)(3).

## IV. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The most recent favorable medical decision finding that the claimant continued to be disabled is the determination dated June 21, 2016. This is known as the "comparison point decision" or CPD. AR 30.
>
> 2. At the time of the CPD through the date of this decision, the claimant has the following medically determinable impairments[:] low vision, bilateral retinopathy of prematurity and bilateral myopia; speech sound disorder; asthma; intellectual disorder. These impairments were found to meet Childhood Listing section 102.03C of 20 CFR Part 404, Subpart P, Appendix 1. AR 31.
>
> 3. Medical improvement occurred as of September 1, 2020 (20 CFR 416.994a(c)). AR 31.
>
> 4. Since September 1, 2020 through the date of this decision, the claimant has had the following severe impairments: low vision, asthma and intellectual disorder (20 CFR 416.924(c)). AR 34.
>
> 5. Since September 1, 2020, through the date of this decision the claimant's impairments have not met or medically equaled sections 102.02, 103.03, and 112.05 of 20 CFR Part 404, Subpart P, Appendix 1 as that listing was written at the time of the CPD (20 CFR 416.925 and 416.926). AR 34.
>
> 6. The claimant was born in August 2007. Therefore, she was an adolescent, as of September 1, 2020. The claimant is currently an adolescent (20 CFR 416.926a(g)(2)). AR 34.
>
> 7. Since September 1, 2020, through the date of this decision the claimant's impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments (20 CFR 416.994a(b)(2) and 419.926a and SSR 05-03p). AR 34.
>
> 8. Since September 1, 2020, through the date of this decision the claimant has not had an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a). AR 39.
>
> 9. The claimant's disability ended as of September 1, 2020, and through the date of this decision, the claimant has not become disabled again since that date (20 CFR 416.994a). AR 39.

## V. ANALYSIS

Plaintiff's briefing does not clearly present the arguments for review. The "argument" portion of the brief, contains four sub-headings, which the Court presumes are the four alleged points of error: 1) "that no ophthalmologist reviewed the record in its entirety requires reversal"; 2) "no appropriate specialist, nobody, showed there was medical improvement, so there is no

reason for remand”; 3) “the decision fails altogether to consider the lay evidence”; and 4) “the decision’s medical opinion evaluation is nothing but a too-sloppy dance on the wrong dance floor.” ECF No. 12 at 6-12. Points one and two seem to raise a similar issue concerning the reviewing physician’s specialty—that physician was a pediatrician rather than an ophthalmologist. Point three argues the ALJ failed to consider lay evidence, but the argument makes no attempt to discuss the evidence the ALJ allegedly failed to consider or its relevance. Point three concludes with a one-sentence reference to evidence that L.A.’s mother provided. ECF No. 12 at 12. Finally, arguing that an ALJ’s decision is a “too-sloppy dance on the wrong dance floor” does not clearly present any issue for review. It appears this is intended to be a challenge to the ALJ’s supportability and consistency evaluation of Dr. Donahue’s decision.

The Commissioner’s response brief argues that it was appropriate to have a pediatrician review the case and that the ALJ’s finding of medical improvement was supported by substantial evidence. ECF No. 16 at 2. The Commissioner further argues that the ALJ appropriately discounted Plaintiff’s subjective symptoms and reasonably assessed the medical opinion of Dr. Donahue.

**A. <u>Review of the Record by Dr. Donahue</u>**

In *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003), the Ninth Circuit interpreted section 1382c(a)(3)(l), which states in part that the Commissioner “shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual” evaluates the case of the individual. In *Howard*, the ALJ had refused the claimant’s request to have a pediatrician or other specialist review the case because the ALJ found the record well-developed. *Id.* at 1013. The Ninth Circuit interpreted the statute to mean: “the ALJ is required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record.” *Id.* at 1014.

////

////

In response to *Howard*, the Agency issued Acquiescence Ruling 04-1(9) (hereafter "Ruling"),[3] which provides that the ALJ "must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual" evaluates the case. *See* 2004 WL 875081 (the Ruling). The Ruling further provides that the ALJ may rely on a case evaluation made by a State agency medical or psychological consultant that is already in the record. *Id*.

Here, the ALJ had the case evaluated by a pediatrician, Dr. Grettel Donahue. Donahue answered interrogatories. AR 720-43. Donahue found that Plaintiff's medically determinable impairments did not meet the Listings, including Listing 102.02 for vision impairments. AR 737. Plaintiff complains that Donahue is not an ophthalmologist. Plaintiff concedes that Donahue conducted an evaluation of the entire case. *See* ECF No. 12 at 7 ("The entire record was surveyed, but by a mere pediatrician."). Plaintiff requests more than either *Howard* or the Ruling requires. In *Howard*, the Ninth Circuit specifically found the ALJ is "required to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." 341 F.3d at 1014. The ALJ obtained a case evaluation of the entire record from a pediatrician. Plaintiff has not demonstrated error as to this point.

**B. <u>Medical Improvement</u>**

Plaintiff's second point contends that "no appropriate specialist" found there was medical improvement. ECF No. 12 at 8. Plaintiff argues that Donahue's review of the case did not provide substantial evidence in favor of finding that LA. had experienced medical improvement. ECF No. 12 at 8. Plaintiff acknowledges that L.A's visual acuity scores are near normal. *Id*. at 9 (referencing "L.A.'s corrected visual acuity scores, which we already know are near-normal"). However, Plaintiff faults the ALJ for not discussing visual fields. *Id*. at 10.

---

[3] An Acquiescence Ruling explains how the Agency will apply a holding in a decision of a United States Court of Appeals that the Agency determines conflicts with its interpretation of a provision of the Social Security Act or regulations.

The ALJ found medical improvement based on consideration of the medical record, including the ophthalmological consultative examination by Liann Griffiths, O.D., records of treating provider Terry Isbill, O.D., and a pediatric consultative examination by Dr. Shahid Ali, M.D. AR 31-34. Based on consideration of this medical evidence the ALJ found "the medical severity of the CPD impairments decreased as of the cessation date in terms of signs, symptoms and/or laboratory findings[.]" AR 34. The ALJ discussed the findings of Dr. Griffiths who examined Plaintiff in March 2020 and concluded: "Patient does not meet criteria for legal blindness and she sees well with corrective lenses and has good peripheral vision in both eyes." AR 433. Dr. Griffiths assessed Plaintiff's corrected vision as "20/30-2 in the right eye, 20/25+1 in the left eye[.]" AR 433. The ALJ noted that Dr. Griffiths had assessed "full Confrontational Visual Field bilaterally." AR 32. The ALJ findings concerning Plaintiff's vision assessment and visual field are supported by substantial evidence. Dr. Griffiths found "Confrontational Visual Field was full in both eyes." AR 433. Dr. Paula Vang found that confrontation visual fields "were found to be full in all quadrants." AR 507. Dr. Lafradaz, O.D., assessed Plaintiff's visual field as "full to confrontation" in both eyes. AR 616.

The ALJ also noted that the record demonstrated that Plaintiff had not put forth best efforts on testing and that there was a "failure to advise a school psychologist that the claimant needed/wore prescription glasses" which was significant to the evaluation process and findings. AR 34. Further, Dr. Donahue then reviewed the record and found that Plaintiff's vision impairment did not meet Listing 102.02. AR 34, 737. The Court finds substantial evidence supports the ALJ's conclusion that there was medical improvement.

**C. <u>Consideration of L.A.'s Mother's Testimony</u>**

Plaintiff's brief argues in a vague manner that the ALJ did not consider the lay evidence, but does not specifically address any piece of evidence or testimony that the ALJ failed to address or explain the impact of not considering that evidence. The brief offers only: "Note, however, that between her testimony and her writings, L.A.'s mother provided a large swath of (totally unconsidered) evidence." ECF No. 12 at 12. This sentence is followed by a string cite to approximately 100 pages of the administrative record. *Id*. The Court cannot sift through over

100 pages of the record and attempt to discern evidence that may have been beneficial to the claimant and was allegedly not considered by the ALJ. The Supreme Court has stated that under the party presentation principle, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). Courts "normally decide only questions presented by the parties." *Id*. at 376 (citation omitted). This issue was not adequately presented for review.

Regardless, the Commissioner appears to interpret Plaintiff's argument as a challenge to the subjective symptom testimony of L.A., which was presented through her mother. ECF No. 10 at 2-5. The Commissioner responds by stating that the record contained affirmative evidence of malingering. ECF No. 16 at 4. The Commissioner notes that the ALJ pointed to consultative examiners who found Plaintiff "was not putting forth her best effort on testing" (AR 34 referencing AR 521-527) and that a school psychologist was not advised that Plaintiff needed/wore prescription glasses. AR 34; 484 . The ALJ further referenced that "Dr. Ali found the claimant's mother seemed to magnify her symptoms and that the claimant was not cooperative with the eye exam." AR 33, citing AR 521-527. This is consistent with the record, as Dr. Ali on examination of L.A. did find that her "mother seems to be magnifying her symptoms" and that L.A. was "not cooperative with eye exam." AR 524.

Thus, the Commissioner argues that because there was affirmative evidence of malingering, clear and convincing reasons were not required. ECF No. 16 at 3. However, if additional reasons were required, the Commissioner argues: 1) Plaintiff's allegations were not consistent with the objective medical evidence; 2) Plaintiff's allegations were inconsistent with the treatment history; and 3) Plaintiff's reported activities showed a level of functioning that contradicted her claimed limitations. *Id*. at 4-5.

In reply, Plaintiff argues that the ALJ only "noted" malingering and did not make a finding of malingering, and did not provide adequate reasons for rejecting the testimony. ECF No. 17 at 6.

As stated above, the Court does not find this point was adequately presented for review. However, to the extent it was intended to be a challenge to the subjective symptom testimony, the

Court finds that the evidence of malingering was a clear and convincing reason for discounting the presentation of L.A.'s subjective symptoms. The ALJ's conclusion that there was evidence of malingering is supported by substantial evidence. In additional to Dr. Ali's comment discussed above, the ALJ pointed to the psychoeducational assessment summary with this note: "[L.A.] wears prescription glasses although parent was not forthcoming with this information to examiners. As a result, the visual processing results may be impacted due to not wearing glasses during assessment." AR 484. In addition to the observations concerning her vision testing, speech pathologist Braun wrote that L.A.'s "language skills could not be assessed due to suspicion of malingering." AR 526.

Plaintiff has not established how an alleged failure to consider any unspecified piece of evidence was harmful. In *McLeod v. Astrue*, 640 F.3d 881 (9th Cir. 2011), the Ninth Circuit found that the Supreme Court's harmless error analysis from *Shinseki v. Sanders*, 556 U.S. 396 (2009), applied in social security cases. Under *Sanders*, "the burden is on the party attacking the agency's determination to show that prejudice resulted from the error." 640 F.3d at 887. "[P]rejudice cannot be presumed from any kind of error." *Id.* The claimant must show "substantial likelihood of prejudice," such that remand to the agency is appropriate. *Id*. at 887-88. Plaintiff has not demonstrated error.

**D. <u>Medical Opinion Testimony of Dr. Donahue</u>**

Plaintiff's brief argument on this point contends that the ALJ's articulation of his assessment of Dr. Donahue's opinion was insufficient. ECF No. 12 at 12-13. The ALJ found that Dr. Donahue's opinion was "substantially persuasive, supported by her explanations, and consistent with the evidence of record in the case as noted." AR 38. The ALJ elaborated on this conclusion in the proceeding paragraphs. For example, as to Dr. Donahue's opinion of no limitations on interacting with others, the ALJ noted this was "supported by a record consistently showing the claimant has no difficulties interacting with others" and then cited to a recent medical examination and notes from the IEP describing L.A. as "sweet, respectful, and compliant with class and school rules[.]" AR 37. The ALJ also cited in his consistency analysis to the opinion of state agency consultant, Dr. Amon. AR 38.

Plaintiff has not demonstrated error in the ALJ's consideration of the medical opinion testimony of Dr. Donahue.

### VI. CONCLUSION

Plaintiff's briefing does not establish harmful error, and the Court finds the ALJ's decision is supported by substantial evidence. The substantial evidence evidentiary threshold "is not high … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

Accordingly**, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;
2. Defendant's cross-motion for summary judgment (ECF No. 16) is GRANTED; and
3. The Clerk of the Court shall enter judgment in favor of the Commissioner and close this case.

SO ORDERED.

DATED: October 20, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE